UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KOSS CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>SKULLCANDY, INC.,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [93] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00203-DBB<br>(consolidated with 2:21-cv-00557 DBB)<br><br>District Judge David Barlow |

Before the court is Defendant Skullcandy, Inc.'s ("Skullcandy") Rule 12(b)(6) Motion to Dismiss[1] Plaintiff Koss Corporation's ("Koss") complaints in this consolidated action.[2]

## BACKGROUND

This case arises from Skullcandy's alleged infringement of several wireless earphone patents owned by Koss.[3] On April 1, 2021, Koss filed its Complaint in this action alleging infringement of U.S. Patent Nos. 10,206,025 ("the '025 Patent"), 10,368,155 ("the '155 Patent"), 10,469,934 ("the '934 Patent"), 10,491,982 ("the '982 Patent"), and 10,506,325 ("the '06,325 Patent").[4] Three months later, the court granted a motion to stay the case.[5] On September 24, 2021, Koss filed a Complaint in a separate action in this district, case number 2:21-cv-00557, additionally alleging infringement of U.S. Patent Nos. 9,729,959 ("the '959 Patent"), 9,986,325

---

[1] Motion to Dismiss ("MTD"), ECF No. 93, filed Dec. 19, 2025.
[2] Compl. ("Compl."), ECF No. 2, filed Apr. 1, 2021; Compl. ("Consolidated Compl."), *Koss v Skullcandy*, Case No. 2:21-cv-00557 (D. Utah Sep. 24, 2021), ECF No. 2.
[3] *See* Compl. ¶¶ 1, 48–53.
[4] *Id.*
[5] ECF No. 40.

("the '86,325 Patent"), and 10,757,498 ("the '498 Patent").[6] The court later consolidated the second case, number 2:21-cv-00557, into the first case, number 2:21-cv-00203, and maintained the stay in the consolidated action.[7] The stay was lifted on November 22, 2025.[8] Skullcandy filed this Motion to Dismiss on December 19, 2025.[9]

### *Plantronics* **Litigation**

Many of the parties' disputes in this motion revolve around the applicability and effect of another case in which Koss asserted many of the same patents at issue here, *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal.) ("*Plantronics* Litigation").[10] In the *Plantronics* Litigation, Koss alleged that the defendants (collectively "Poly") infringed six of Koss's wireless earphone patents.[11] Five of those patents—the '025 Patent, the '155 Patent, the '934 Patent, the '06,325 Patent, and the '498 Patent—are also at issue in the current consolidated litigation.[12] In the *Plantronics* Litigation, the defendants filed a motion to dismiss Koss's First Amended Complaint on the grounds that the claims of Koss's asserted patents were ineligible for patenting under 35 U.S.C. § 101.[13] The court granted Poly's motion, ruling that the claims of the patents were invalid and dismissing the First Amended Complaint with leave to amend.[14] Koss then filed a Second Amended Complaint that re-alleged infringement of certain claims of each of the patents except the '155 Patent.[15] Before any ruling

---

[6] Consolidated Compl. ¶ 1.

[7] ECF No. 49.

[8] ECF No. 90.

[9] MTD.

[10] As explained in more detail below, the court takes judicial notice of relevant filings and orders from this case.

[11] First Amended Compl. ("*Plantronics* FAC") ¶¶ 52–57, *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Oct. 1, 2021), ECF No. 71.

[12] *See id.*; *see also* Compl. ¶ 1; Consolidated Compl. ¶ 1.

[13] Motion to Dismiss First Amended Compl. ("*Plantronics* MTD") 1, *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Nov. 1, 2021), ECF No. 80.

[14] *Koss Corp. v. Plantronics Inc.,* No. 21-CV-03854-JST, 2022 WL 19975244, at *9 (N.D. Cal. Nov. 16, 2022).

[15] Second Amended Compl. ("*Plantronics* SAC"), *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Dec. 7, 2022), ECF No. 91.

was made on the Second Amended Complaint, the court granted the parties' Stipulated Dismissal with Prejudice, which resolved the entire case.[16]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[19] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[20]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[21] However, courts may also consider "documents that the complaint incorporates by reference,"[22]

---

[16] Order Granting Stipulation of Dismissal ("*Plantronics* Dismissal"), *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Aug. 4, 2023), ECF No. 91.

[17] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[19] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).

[20] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).

[21] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).

[22] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

3

"documents attached as exhibits to the complaint,"[23] and "matters of which a court may take judicial notice,"[24] including "facts which are a matter of public record."[25]

## DISCUSSION

### I.   Judicial Notice of Other Federal Litigation

As noted above, Skullcandy argues that Koss is precluded from asserting its patents here under the doctrine of collateral estoppel or issue preclusion due to the prior adjudication in the *Plantronics* Litigation.[26] Such arguments necessarily depend on judicial decisions in other cases.[27] Throughout its Opposition to the Motion to Dismiss, Koss takes issue with Skullcandy's references to materials outside the operative complaints in this case.[28] Therefore, the court addresses which materials it relies on in resolving this motion.

Koss includes several exhibits along with each of its complaints in this consolidated action.[29] The court may consider these exhibits when deciding the Motion to Dismiss.[30] Skullcandy includes an exhibit attached to its Motion as "Exhibit A" and references exhibits and filings related to the earlier Motion to Consolidate in its argument.[31] These documents are not part of the complaints and will not be considered.

Additionally, the Tenth Circuit has explained that "federal courts, in appropriate circumstances, may take notice of Litigations in other courts, both within and without the federal

---

[23] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

[24] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[25] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

[26] MTD 1.

[27] *See Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (Issue preclusion bars relitigation of an issue that was already decided against the same party in a prior adjudication on the merits).

[28] *See* Corrected Opposition to Motion to Dismiss ("Opp'n") 2, 20, 22, ECF No. 95, filed Jan. 5, 2026.

[29] *See* Compl.; Consolidated Compl.

[30] *Oxendine*, 241 F.3d at 1275 ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.").

[31] *See* MTD 12, Exhibit A.

4

judicial system, if those Litigations have a direct relation to matters at issue."[32] This includes

taking judicial notice of "court records in related proceedings."[33] However, such documents and

records "may only be considered to show their contents, not to prove the truth of matters asserted

therein."[34] The *Plantronics* Litigation in the Northern District of California has a direct relation

to the matters at issue in this case; five of the patents litigated in that case are also asserted

here.[35] Therefore, the court takes judicial notice of relevant court records and orders in that case

for the purpose of determining what issues, if any, have already been litigated and adjudicated.

## II.    Collateral Estoppel

Collateral estoppel or issue preclusion prevents parties from relitigating matters that have

already been conclusively decided.[36] "[I]ssue preclusion bars a party from relitigating an issue

once it has suffered an adverse determination on the issue, even if the issue arises when the party

is pursuing or defending against a different claim."[37] In the Tenth Circuit, issue preclusion

applies when

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[38]

---

[32] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).
[33] *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).
[34] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).
[35] *See* Compl.; *Plantronics* FAC.
[36] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1135–36 (10th Cir. 2004).
[37] *Id.* at 1136.
[38] *Id.*

The party invoking the doctrine of issue preclusion bears the burden of establishing the existence of these four elements.[39]

In cases involving patents, "the law of the regional circuit" applies to general procedural questions like whether issue preclusion applies.[40] However, Federal Circuit precedent governs "questions involving substantive issues of patent law, issues of issue preclusion that implicate substantive patent law issues, or issues of issue preclusion that implicate the scope of [previous Federal Circuit decisions]."[41] Therefore, the Tenth Circuit's test for issue preclusion is generally applicable in this case,[42] but Federal Circuit law governs aspects that have "special application to patent cases," like the question of "whether a particular claim in a patent case is the same as or separate from another claim."[43]

### A.    *Plantronics* Issue Preclusion

Skullcandy first argues that Koss is precluded from asserting any of the patents at issue in this case because they all involve subject matter that has been ruled ineligible for patenting in the *Plantronics* Litigation.[44] Koss responds by arguing that the Motion is not properly resolved at this stage because it requires facts outside the pleadings and that many of its patents and claims here could not have been decided by the *Plantronics* Litigation because they were not at issue.[45]

---

[39] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014).
[40] *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015).
[41] *Id.*
[42] The Federal Circuit's test for issue preclusion is identical to the Tenth Circuit's test. *See Google LLC v. Hammond Dev. Int'l, Inc.,* 54 F.4th 1377, 1381 (Fed. Cir. 2022).
[43] *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013) (quoting *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.,* 672 F.3d 1335, 1341 n. 1 (Fed. Cir. 2012)).
[44] MTD 9, 11.
[45] Opp'n 20, 22–23.

6

To address Koss's first argument, as previously explained, it is appropriate to take judicial notice of court records in related proceedings at the motion to dismiss stage.[46] Koss contends that expert testimony or other evidence would be necessary to determine whether the first and fourth elements of the issue preclusion test are met, but it provides no caselaw to support that assertion.[47] Issue preclusion is not categorically barred as an argument at the motion to dismiss phase.[48] The party invoking the doctrine bears the burden of showing the standard is satisfied.[49] If the moving party can meet that burden using only the allegations in the complaint and matters of which the court may take judicial notice, then dismissal is appropriate. Indeed, the Tenth Circuit has upheld Rule 12(b)(6) dismissals based on collateral estoppel, and the Federal Circuit has done the same in patent cases.[50]

### 1.    *Plantronics* Patents (Patent Nos. '025, '155, '934, '06,325, and '498)

Skullcandy argues that each patent Koss asserted in the *Plantronics* Litigation was invalidated in its entirety and cannot be asserted in this action.[51] Koss concedes that it is willing not to bring the claims that it was asserting in that case.[52] This seems to refer to the narrow

---

[46] *See Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025).

[47] Opp'n 20–21.

[48] The Tenth Circuit has previously stated in at least one case that issues of collateral estoppel are "more appropriately decided in the context of a motion for summary judgment than it is in the context of a defendant's motion to dismiss" because they necessarily rest on materials outside the complaint, like other court proceedings. *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 782 (10th Cir. 2004). However, the Tenth Circuit later clarified that it is appropriate to "take judicial notice of documents and docket materials filed in other courts" in an issue preclusion analysis and has affirmed Rule 12(b)(6) dismissals on issue preclusion grounds. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014).

[49] *Stan Lee Media, Inc*, 774 F.3d at 1297.

[50] *See, e.g., Stan Lee Media, Inc.,* 774 F.3d at 1296, 1298 n.2, 1300 (affirming a Rule 12(b)(6) dismissal on issue preclusion grounds and taking judicial notice of documents filed in the previous case); *Lipin v. Wisehart Springs Inn, Inc.*, 843 F. App'x 103, 109 (10th Cir. 2021) (affirming the district court's Rule 12(b)(6) dismissal on issue preclusion grounds); *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (same); *Reese v. Verizon California, Inc.*, 498 F. App'x 980, 984 (Fed. Cir. 2012) (same).

[51] MTD 11.

[52] Opp'n 22.

claims that were included in the *Plantronics* Second Amended Complaint.[53] However, Koss argues that, because it filed its Second Amended Complaint prior to the stipulated dismissal with prejudice, the *Plantronics* court lacked jurisdiction to adjudicate the previously dismissed claims at the time judgment was entered.[54] In other words, while Skullcandy takes the position that the *Plantronics* order ("*Plantronics* Dismissal Order") dismissing the First Amended Complaint has preclusive effect on each patent invalidated therein,[55] Koss contends that only the specific claims at issue in the Second Amended Complaint could be precluded.[56]

In the Tenth Circuit, "[a]n amended complaint supersedes a prior complaint 'and renders it of no legal effect.'"[57] But "[w]hen a claim has been dismissed on the merits, a party may file an amended complaint omitting that claim without waiving an appellate challenge to the dismissal."[58] There is no rule "requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims."[59] Furthermore, "once a district court enters a final order, its earlier interlocutory orders merge into the final judgment and are reviewable on appeal."[60] "A voluntary dismissal with prejudice operates as a final adjudication on the merits and is thus a final judgment."[61]

---

[53] *Id.*

[54] *Id.*

[55] MTD 9–11.

[56] Opp'n 22 (listing "claim 18 of the '325 Patent, claim 4 of the '934 Patent, claim 4 of the '025 Patent, claim 23 of the '498 Patent, and claim 15 of the '852 Patent" as being asserted in the SAC).

[57] *Mooring Cap. Fund, LLC v. Knight*, 388 F. App'x 814, 823 (10th Cir. 2010) (unpublished) (quoting *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991)).

[58] *Id.* at 814–15.

[59] *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991).

[60] *Koch v. City of Del City,* 660 F.3d 1228, 1237 (10th Cir. 2011) (quoting *Long v. St. Paul Fire & Marine Ins. Co.,* 589 F.3d 1075, 1078 n.2 (10th Cir. 2009)).

[61] *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (internal quotation marks omitted) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.,* 267 F.3d 538, 542 (6th Cir.2001); *Randall v. Merrill Lynch,* 820 F.2d 1317, 1320 (D.C. Cir. 1987)).

8

In other words, a dismissal of a claim on its merits in an interlocutory order is binding and appealable once it merges with a final judgment, even if a subsequent amended complaint fails to include that claim. This rule is also not unique to the Tenth Circuit. The Ninth Circuit, where the *Plantronics* Litigation occurred, gives the same preclusive effect to claims that are dismissed in interlocutory orders and omitted from subsequent amended complaints.[62] Thus, in both this circuit and the circuit where it was entered, the *Plantronics* Dismissal Order has a binding effect on all the causes of action it considered on their merits, not just the ones that were subsequently repled in the *Plantronics* Second Amended Complaint. Any issues ruled on in that order that satisfy the collateral estoppel test are barred from being relitigated here.

The Federal Circuit came to the same conclusion when considering the *Plantronics* Dismissal Order's preclusive effect. In *Koss Corp. v. Bose Corp.*, Koss appealed certain Patent Trial and Appeal Board (PTAB) decisions relating to the '025 Patent, '155 Patent, and '934 Patent.[63] Following the stipulated dismissal with prejudice in the *Plantronics* Litigation, the appellee, Bose Corp. ("Bose"), moved to dismiss the PTAB appeal on the grounds that the patents had been invalidated.[64] Koss argued that the *Plantronics* Dismissal Order "became a nullity on the filing of the Second Amended Complaint."[65] The Federal Circuit disagreed. It recognized that the *Plantronics* Dismissal Order found "all claims of the asserted patents . . .

---

[62] *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal."); *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001) ("[I]nterlocutory orders entered prior to the judgment merge into the judgment."); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits.").

[63] *Koss Corp. v. Bose Corp.*, 107 F.4th 1363, 1364 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1438 (2025).

[64] *Id.* at 1367.

[65] *Id.*

9

invalid under 35 U.S.C. § 101."[66] Applying Ninth Circuit law, the Federal Circuit noted that the *Plantronics* Dismissal Order "merged with the final judgment dismissing the case with prejudice" and "became final and appealable in August 2023 when Koss stipulated to the dismissal of its suit."[67] Because Koss never appealed the invalidation of its patents, the Federal Circuit affirmed that the patent claims are invalid and dismissed the PTAB appeal.[68]

### a.    Identical Issue

The *Plantronics* Dismissal Order precludes relitigation of any issue that it ruled on that satisfies the issue preclusion elements. Accordingly, the court next considers whether the issues adjudicated in the *Plantronics* Litigation are identical to the issues presented in this action.

In the *Plantronics* Dismissal Order, the court dismissed the First Amended Complaint after ruling that all the claims of each patent were "invalid under 35 U.S.C. § 101."[69] Section 101 of the Patent Act provides that any "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may be eligible for patent protection.[70] The Supreme Court has stated that this provision contains an implicit exception that "abstract ideas are not patentable."[71] *Plantronics* determined that each patent claim asserted in the First Amended Complaint was "directed toward the abstract idea of wireless communication" and failed to "establish any inventive concept."[72] The court also concluded that the asserted

---

[66] *Id.* at 1365.

[67] *Id.* at 1367.

[68] *Id.* at 1367–68.

[69] *Koss Corp. v. Plantronics Inc.*, No. 21-CV-03854-JST, 2022 WL 19975244, at *9 (N.D. Cal. Nov. 16, 2022); *see also Bose Corp.*, 107 F.4th at 1365, 1365 n.2 ("The district court granted Plantronics's motion, finding all claims of the asserted patents—including the '155, '934, and '025 patents at issue here—invalid under 35 U.S.C. § 101. . . . The Dismissal Order also invalidated all claims of three other Koss patents not at issue in these appeals").

[70] 35 U.S.C. § 101.

[71] *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)).

[72] *Plantronics Inc.*, 2022 WL 19975244 at *5–6, 9.

claims were representative of the other patent claims.[73] Thus, the issue adjudicated in the *Plantronics* Dismissal Order is that the '025, '155, '934, '06,325, and '498 patents are invalid because their asserted claims are directed toward an unpatentable, abstract idea and are representative of their other claims.

An identical issue is presented in this case. Koss asserts infringement of claims from the '025, '155, '934, '06,325, and '498 patents.[74] Skullcandy argues that these patents' claims are invalid.[75] Because each of these patents was invalidated in its entirety as unpatentable in the *Plantronics* Litigation, the issue of patentability of any claims asserted in this case must necessarily have already been presented in that action.

Koss disagrees, arguing that certain claims at issue here could not have been presented in the *Plantronics* Litigation because they have no relevance to the alleged infringing products in that case.[76] Koss contends that the patents in this case are being asserted against allegedly infringing products with an elongated "stem portion extending from the body portion."[77] But Koss states that the allegedly infringing products in the *Plantronics* Litigation had no similar elongated stem.[78] Therefore, Koss concludes that it could not have been asserting claims related to an elongated stem in the *Plantronics* Litigation, so they could not have been at issue, and the judge had no jurisdiction to resolve them.[79]

---

[73] *Id.* at *7.
[74] *See* Compl.; Consolidated Compl.
[75] MTD 1–2.
[76] Opp'n 23–24.
[77] *Id.* at 22–23.
[78] *Id.* at 23.
[79] *Id.* at 23–24 ("There was no case or controversy regarding claim 40 of the '025 Patent or claim 34 of the '934 Patent, and thus the outcome of the Plantronics Case cannot have affected the validity of those claims.").

11

Skullcandy responds to this argument by stating that the *Plantronics* Dismissal Order was based on the First Amended Complaint, which broadly asserted infringement of the patents at issue.[80] Because the asserted claims in the *Plantronics* First Amended Complaint were "presented as open-ended allegations," were representative of every claim, and were challenged in the motion to dismiss, Skullcandy contends that the *Plantronics* court had jurisdiction to examine and dismiss all claims of the asserted patents.[81]

The Federal Circuit has explained that broad infringement allegations in a complaint can be narrowed in subsequent pleadings to limit the court's jurisdiction to the narrower set of claims.[82] But when a complaint broadly asserts infringement of "at least" certain claims or "one or more claims" of a patent, the court has jurisdiction over all claims of the patents-in-suit if the asserted claims are representative of the patent and the entire patent is challenged.[83] "[A] district court 'may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim.'"[84] "Limiting the analysis of a § 101 challenge to representative claims is proper when the claims at issue are 'substantially similar and linked to the same' ineligible concept."[85]

For each patent asserted in its *Plantronics* First Amended Complaint, Koss included a cause of action alleging that "at least claim 1" of that patent had been infringed and that "[v]arious additional functional and hardware limitations are described and claimed in the

---

[80] Reply in Support of Motion to Dismiss ("Reply") 2, ECF No. 97, filed Jan. 12, 2026.
[81] *Id.*
[82] *Miller Mendel, Inc. v. City of Anna, Texas*, 107 F.4th 1345, 1355 (Fed. Cir.), *cert. denied*, 145 S. Ct. 593 (2024).
[83] *See Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1287 n.3 (Fed. Cir. 2024).
[84] *Id.* at 1290 (quoting *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)).
[85] *Id.* (quoting *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017)).

dependent claims."[86] The Poly motion to dismiss challenged the validity of all the claims of the asserted patents as being directed toward an abstract idea.[87] In its dismissal order, the *Plantronics* court expressly found that the asserted claims were representative of the unasserted claims.[88] The court then found each patent invalid in its entirety.[89] Thus, the validity of every claim of the '025, '155, '934, '06,325, and '498 patents at issue in this case was also at issue in the *Plantronics* Litigation.

#### b.    Final Adjudication

The second element of issue preclusion requires the prior action to have been finally adjudicated on its merits.[90] Koss does not dispute that this element is met.[91] As already discussed, the interlocutory *Plantronics* Dismissal Order invalidated each patent on its merits and merged with the voluntary dismissal with prejudice to become final. Furthermore, the issue of patent validity—including the court's finding that the first claim of each patent was representative of the other claims and was invalid under 35 U.S.C. § 101—was the sole basis for dismissal in the order,[92] so it was essential to the court's ruling.[93]

---

[86] *Plantronics* FAC ¶¶ 63, 66, 76, 79, 89, 92, 102, 105, 115, and 118.

[87] *Plantronics* MTD 1.

[88] *Koss Corp. v. Plantronics Inc.,* No. 21-CV-03854-JST, 2022 WL 19975244, at *7 (N.D. Cal. Nov. 16, 2022).

[89] *Id.* at *9.

[90] *Park Lake Res. Ltd. Liab. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

[91] *See* Opp'n 4 (arguing only that the first and fourth elements of the issue preclusion test are not met). The court notes that Koss does dispute whether the order dismissing its First Amended Complaint has any preclusive effect as part of that final adjudication.

[92] *Plantronics Inc.,* 2022 WL 19975244, at *9.

[93] *See Stan Lee Media, Inc. v. Walt Disney Co.,* 774 F.3d 1292, 1297 (10th Cir. 2014) (quoting *Arizona v. California,* 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000)) ("The Supreme Court has also advised that the issue decided must be 'essential to the judgment.'").

### c.      Party to Prior Adjudication

The third element of issue preclusion requires the party against whom the doctrine is invoked to have been a party to the prior adjudication.[94] Koss obviously was a party in the *Plantronics* Litigation.

### d.      Full and Fair Opportunity to Litigate

The final element of issue preclusion requires the party against whom the doctrine is raised to have had a full and fair opportunity to litigate the issue in the previous action.[95] Generally, the question of whether a party had a full and fair opportunity to litigate an issue focuses on "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties."[96]

Plaintiff argues that this element is not met.[97] Koss's argument against this element is similar to its argument about the first element. Certain claims asserted in this suit relate to structural limitations like an elongated portion of the wireless earphone.[98] The allegedly infringing products in the *Plantronics* Litigation had no such feature, so Koss contends that any claims that include an elongated portion were not at issue in the prior action and could not have been fully and fairly litigated.[99]

---

[94] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004).
[95] *Id.*
[96] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (quoting *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation,* 975 F.2d 683, 689 (10th Cir. 1992)).
[97] Opp'n 23.
[98] *Id.*; *see also* '025 Patent Non-Limiting Claim Chart ("'025 Claim Chart") 34, ECF No. 2-1, filed Apr. 1, 2021 (listing claim 40d of the '025 Patent as "an elongated portion that extends from the body portion.").
[99] Opp'n 23.

14

This argument misunderstands the issues that were litigated in the previous action. A patent cause of action based on alleged infringement can be dismissed on the grounds that the accused product does not infringe that patent or on the grounds that the patent itself is invalid.[100] The *Plantronics* Dismissal Order was based on the latter.[101] Thus, it does not matter that the *Plantronics* Litigation accused products have different features than the Skullcandy accused products in this case. A patent that is invalid under 35 U.S.C. § 101 when asserted against one allegedly infringing product will be equally invalid when asserted against any other allegedly infringing product as well. To the extent Koss is arguing that it could not fully and fairly litigate the issue because any "elongated portion" claims were not included in the *Plantronics* Litigation, that argument has already been discussed above.

Koss does not attempt to show that there were any procedural limitations in the *Plantronics* action that prevented it from fairly litigating the issue of patent validity. And there is no reason to think that Koss would have lacked incentive to assert the validity of its patents, along with their dependent claims, in that proceeding. In fact, the *Plantronics* record shows that the parties specifically addressed the relevance of the patents' dependent claims—including claims related to an elongated stem feature—to overall patent validity under § 101.[102] In its motion to dismiss, Poly argued extensively that the asserted claim of each patent was directed toward the unpatentable abstract idea of wireless communication.[103] It then argued that the dependent claims "recite only minor details" that do not alter the focus on wireless

---

[100] *Voter Verified, Inc. v. Election Sys. & Software LLC*, 887 F.3d 1376, 1383 (Fed. Cir. 2018).
[101] *Koss Corp. v. Plantronics Inc.*, No. 21-CV-03854-JST, 2022 WL 19975244, at *9 (N.D. Cal. Nov. 16, 2022).
[102] *See Plantronics* MTD 12.
[103] *See, e.g. id.* at 10–12.

communication.[104] Koss responded that the dependent claims limit the scope of the independent claims by adding specific limitations and that these elements are a reason the claims "are directed to patent eligible subject matter."[105] Koss specifically listed claim 40 of the '025 Patent, which describes an "elongated portion," as one such limitation related to the "type of earphones."[106] In its order, the *Plantronics* court considered the dependent claims listed by Poly and Koss and determined that they were represented by the asserted independent claims and that there was no need to address them separately.[107]

Koss cannot now argue that it lacked a full and fair opportunity to litigate the validity of its patents. Its *Plantronics* First Amended Complaint broadly alleged infringement of "at least" the first claim of each patent and stated that the various dependent claims described additional limitations.[108] The motion to dismiss clearly argued that all the claims of each patent were invalid under 35 U.S.C. § 101.[109] Thus, Koss was aware that the validity of its patents as a whole was at stake, and it accordingly presented arguments related to the asserted claims as well as the dependent claims.[110] Every claim of the '025, '155, '934, '06,325, and '498 patents was ultimately found invalid,[111] and the Federal Circuit affirmed that invalidity.[112] Koss is barred from asserting any claims from those patents here under the doctrine of issue preclusion.

---

[104] *Id.* at 12.

[105] Opposition to Motion to Dismiss First Amended Compl. ("*Plantronics* Opp'n") 14–15, *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Nov. 15, 2021), ECF No. 82.

[106] *Id.*

[107] *Koss Corp. v. Plantronics Inc.*, No. 21-CV-03854-JST, 2022 WL 19975244, at *7 (N.D. Cal. Nov. 16, 2022).

[108] *See, e.g. Plantronics* FAC ¶¶ 63, 66.

[109] *Plantronics* MTD 6 ("All claims of the asserted patents thus fail both steps of *Alice*.").

[110] *Plantronics* Opp'n 14–15.

[111] *Plantronics Inc.*, 2022 WL 19975244, at *9.

[112] *Koss Corp. v. Bose Corp.*, 107 F.4th 1363, 1365 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1438 (2025).

16

### 2.      Additional Patents (Patent Nos. '982, '959, and '86,325)

In addition to the five patents invalidated in the *Plantronics* Litigation, Koss asserts claims from three additional patents that have not yet been litigated.[113] Skullcandy argues that these claims should also be precluded by collateral estoppel because they do not "differ materially" from the previously asserted patents.[114] Koss responds that this argument can be "dismissed out of hand" because the additional patents were not at issue in the *Plantronics* Litigation and have different claim limitations, so no ruling in that case could have possibly led to their invalidation.[115]

### a.      Representative Claims

In its complaints, Koss alleges infringement of "at least Claims 1–6, 8, 10, 11 and 15-20 of the '982 Patent."[116] Koss also alleges infringement of "at least Claim 1" of the '959 Patent and the '86,325 Patent.[117] Skullcandy argues that claim 1 of the '982 Patent is representative of that patent's claims and that claims 1–3 of the '982 Patent are nearly identical to claims 1–3 of the '959 and '86,325 patents.[118] It points out that Plaintiff's complaints characterize the three remaining patents identically, stating that each "generally describes wireless earphones that comprise a transceiver circuit for receiving streaming audio from a data source, such as a digital audio player or a computer, over a wireless network."[119] Skullcandy asks the court to treat claims

---

[113] Compl. ¶¶ 81–93; Consolidated Compl. ¶¶ 53–78.
[114] MTD 11.
[115] Opp'n 1–2, 4.
[116] Compl. ¶ 86.
[117] Consolidated Compl. ¶¶ 58, 71.
[118] MTD 12.
[119] Compl. ¶ 83; Consolidated Compl. ¶¶ 55, 68.

1–3 of the '982 Patent as representative of the subject matter of the three patents not asserted in the *Plantronics* Litigation.[120]

First, regarding the sameness of the '959 Patent and the '86,325 Patent, a side-by-side comparison of the three claims of each of those patents reveals that they are essentially identical.[121] Each of the three claims of the '959 and the '86,325 patents are almost identical to claims 1–3 of the '982 Patent as well.[122] There is no need to separately analyze claims 1–3 of each of the additional patents because their similar language means that any analysis of one would apply to the others.

Second, Skullcandy asserts that claims 1–3 of the '982 Patent are representative of that patent's other claims.[123] Claim 1 is the only independent claim asserted from the '982 Patent.[124] A patent claim can be representative when all the patent's claims are "substantially similar and linked to the same abstract idea."[125] "The patent challenger who identifies a claim as representative of a group of claims bears the initial burden to make a prima facie showing that the group of claims are 'substantially similar and linked to the same' ineligible concept."[126] Once this burden has been met, the patent owner must "present non-frivolous arguments as to why the eligibility of the identified representative claim cannot fairly be treated as decisive of the

---

[120] MTD 12.
[121] *See* '959 Patent at 28–29, *Koss v Skullcandy*, Case No. 2:21-cv-00557 (D. Utah Sep. 24, 2021), ECF No. 2-1; '325 Patent ("'86,325 Patent") at 28–29, *Koss v Skullcandy*, Case No. 2:21-cv-00557 (D. Utah Sep. 24, 2021), ECF No. 2-2.
[122] *See* '982 Patent Non-Limiting Claim Chart ("'982 Claim Chart") 3–15, ECF No. 2-4, filed Apr. 1, 2021.
[123] MTD 12, 15, 17.
[124] *See* '982 Claim Chart.
[125] *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014) (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n,* No. 12–6960, 2013 WL 3964909, at *5, *14 (D.N.J. July 31, 2013)).
[126] *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024) (quoting *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017)).

eligibility of all claims in the group."[127] Courts may "treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim."[128]

Here, Skullcandy focuses its abstractness arguments on claims 1–3 of the '982 Patent.[129] It contends that the patent's other dependent claims recite only "minor details, which do not alter the claimed invention's focus on wireless communication."[130] Koss acknowledges that Skullcandy relies on claim 1 of the '982 Patent as representative but only argues that the claim is directed to a "system" of machines rather than an abstract idea.[131] Koss does not present any argument "for the distinctive significance of any claim limitations not found" in claims 1–3.[132] While Koss references several limitations found in the '982 Patent's dependent claims in its *Alice* abstractness and inventiveness arguments, it does not attempt to show the distinctive significance of these limitations compared to those in claims 1–3.[133] Koss never directly challenges Skullcandy's assertion that claims 1–3 of the '982 Patent are representative.[134] In the absence of any meaningful argument showing why the '982 Patent dependent claims are not fairly represented by claims 1–3, the court will treat those claims as representative.[135]

---

[127] *Id.*
[128] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).
[129] MTD 15–17.
[130] *Id.* at 17.
[131] Opp'n 8.
[132] *See id.*; *Berkheimer*, 881 F.3d at 1365.
[133] *See* Opp'n 8, 9, 13–14.
[134] *See generally id.*
[135] *Berkheimer*, 881 F.3d at 1365.

### b.       Identical Issue

Skullcandy next argues that claims 1–3 of the '982 Patent "merely reproduce the same subject matter found to be ineligible for patenting in the *Plantronics* decision" and that "[a]ny differences in claim language are minor and do not materially affect the subject-matter ineligibility of the claims under 35 U.S.C. § 101."[136]

Under Federal Circuit precedent,[137] "[i]t is well established that patent claims need not be identical for collateral estoppel to apply."[138] "Rather, collateral estoppel requires that the *issues of patentability* be identical."[139] "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies."[140] Thus, when claims in different patents "use slightly different language to describe substantially the same invention," issue preclusion may apply if "the mere use of different words . . . does not create a new issue of invalidity."[141] In making this determination, courts may compare the adjudicated and unadjudicated claims side-by-side to see if the unadjudicated claim is substantively distinct from a prior, invalidated claim or if any differences affect the invalidity analysis.[142]

Here, Koss does not identify any differences in the additional patent claims to distinguish them from the invalidated *Plantronics* patents. Instead, it argues that the claims of the additional

---

[136] *Id.* at 13.

[137] Federal Circuit precedent governs this analysis because "the question whether a particular claim in a patent case is the same as or separate from another claim has special application to patent cases." *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013).

[138] *Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022).

[139] *Id.* (emphasis in original).

[140] *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

[141] *Id.* at 1342–43.

[142] *See Apple Inc. v. Smart Mobile Techs. LLC*, No. 2024-1352, 2026 WL 160563, at *3 (Fed. Cir. Jan. 21, 2026); *Google LLC*, 54 F.4th 1377 at 1381–82; *Ohio Willow Wood Co*, 735 F.3d at 1342–43.

patents "are being asserted against headphones which contain a stem portion extending from the body portion."[143] Because the allegedly infringing products in the *Plantronics* Litigation lacked such a feature, Koss contends that it could not have asserted, and the *Plantronics* court could not have considered, "the eligibility of patent claims that recited this important structural feature."[144] In other words, Koss argues that because the accused products in the *Plantronics* Litigation could not have infringed certain claims of the additional patents here, the validity of those claims could not have been decided.[145] But as explained earlier, the validity of all patent claims was already adjudicated in the *Plantronics* Litigation. Therefore, the question of issue preclusion as it relates to the additional patents here does not turn on whether the allegedly infringing products in the *Plantronics* Litigation could have infringed every claim of those patents. Instead, it turns on whether the additional patent claims at issue in this case are substantively distinct from the invalidated *Plantronics* patents such that they present a different issue of patentability and invalidity.[146]

Skullcandy argues that they do not and that claims 1–3 of the '982 Patent use "the same or essentially the same language" as claims found ineligible for patenting in the *Plantronics* Litigation.[147] The court examined each part of claims 1–3 of the '982 Patent listed in the '982 Claim Chart.[148] For each claim, and for each of its subparts, the court found substantially similar language in claims of the '025 Patent[149] that were invalidated under § 101 in the *Plantronics*

---

[143] Opp'n 22.
[144] *Id.* at 23.
[145] *Id.* at 5.
[146] *Ohio Willow Wood Co*, 735 F.3d at 1342–43.
[147] MTD 13.
[148] *See* '982 Claim Chart 3–16.
[149] *See* '025 Claim Chart.

21

Litigation.[150] The chart below includes the representative claims of the '982 Patent alongside similar portions of invalidated claims of the '025 Patent.

| '982 Patent Claims | '025 Patent Claims |
|---|---|
| **1**. A system comprising: headphones comprising a pair of first and second wireless earphones to be worn simultaneously by a user, wherein the first and second earphones are separate such that when the headphones are worn by the user, the first and second earphones are not physically connected, wherein each of the first and second earphones comprises:[151] | . . . a headphone assembly, separate from and in wireless communication with the mobile digital audio player, wherein the headphone assembly comprises: first and second earphones . . .[152] |
| a body portion that comprises: a wireless communication circuit for receiving and transmitting wireless signals;[153] | . . . a wireless communication circuit connected to at least one antenna, wherein at least one wireless communication circuit is for receiving and transmitting wireless signals to and from the headphone assembly;[154] |
| a processor circuit in communication with the wireless communication circuit; and[155] | a processor;[156] |
| an ear canal portion that is inserted into an ear of the user when worn by the user; and[157] | . . . a body connected to the hanger bar, wherein the earphone extends from the body into the user's ear when the headphone assembly is worn by the user.[158]<br><br>. . . a body portion that sits at least partially in an ear of the user when the headphone assembly is worn by the user;[159] |

---

[150] *Koss Corp. v. Plantronics Inc.*, No. 21-CV-03854-JST, 2022 WL 19975244, at *9 (N.D. Cal. Nov. 16, 2022); United States Patent No. US 10,206,025 ("'025 Patent") 29–32, *Koss Corporation v. Plantronics, Inc., et. al.*, No. 4:21-cv-03854-JST (N.D. Cal. Oct. 1, 2021), ECF No. 71-1.
[151] '982 Claim Chart 3, claim 1a.
[152] '025 Patent 29 ¶ 18.
[153] '982 Claim Chart 3–4, claim 1b, 1c.
[154] '025 Patent 29 ¶ 18.
[155] '982 Claim Chart 5, claim 1d.
[156] '025 Patent 29 ¶ 18.
[157] '982 Claim Chart 7, claim 1e.
[158] '025 Patent 31 ¶ 21.
[159] *Id.* at 32 ¶ 23.

| | |
|---|---|
| at least one acoustic transducer connected to the processor circuit; and[160] | . . . wherein each of the first and second earphones comprises an acoustic transducer;[161] |
| an elongated portion that extends away from the body portion such that the elongated portion extends downwardly when the ear canal portion is inserted in the ear of the user;[162] | The system of claim 1, wherein each of the first second earphones comprises . . . an elongated portion that extends from the body portion.[163] |
| a microphone connected to the processor circuit and for picking up utterances of a user of the headphones[164] | . . . a microphone for picking up utterances by a user of the headphone assembly[165] |
| an antenna connected to the wireless communication circuit; and[166] | . . . an antenna for receiving wireless signals from the mobile, digital audio player via one or more ad hoc wireless communication links; a wireless communication circuit connected to at least one antenna,[167] |
| a rechargeable power source; and[168] | . . . a rechargeable battery for powering the headphone assembly;[169] |
| a mobile, digital audio player that stores digital audio content and that comprises a wireless transceiver for transmitting digital audio content to the headphones via Bluetooth wireless communication links, such that each earphone receives and plays audio content received wirelessly via the Bluetooth wireless communication links from the mobile, digital audio player.[170] | . . . a mobile, digital audio player that stores digital audio content . . . wherein the mobile , digital audio player is for transmitting digital audio content to the headphone assembly via the one or more ad hoc wireless communication links, such that the digital audio content received by the headphone assembly from the mobile, digital audio player is playable by the first and second earphones;[171] |

---

[160] '982 Claim Chart 8, claim 1f.
[161] '025 Patent 29 ¶ 18.
[162] '982 Claim Chart 9, claim 1g.
[163] '025 Patent 32 ¶ 23.
[164] '982 Claim Chart 10, claim 1h.
[165] '025 Patent 29 ¶ 18.
[166] '982 Claim Chart 11, claim 1i.
[167] '025 Patent 29 ¶ 18.
[168] '982 Claim Chart 12, claim 1j.
[169] '025 Patent 29 ¶ 18.
[170] '982 Claim Chart 12, claim 1k.
[171] '025 Patent 29 ¶ 18.

| | |
|---|---|
| **2**. The system of claim 1, further comprising a docking station for holding at least the first wireless earphone, wherein the docking station comprises a power cable for connecting to an external device for charging the at least the first wireless earphone when the docking station is connected to the external device via the power cable[172] | The system of claim 40, further comprising a docking station for charging at least one of the first and second earphones.[173] |
| **3**. The system of claim 1, wherein: in a first operational mode, the pair of first and second earphones play audio content stored on the mobile, digital audio player and transmitted to the first and second earphones from the mobile, digital audio player via the Bluetooth wireless communication links;[174] | The system of claim 1, wherein: in a first audio play mode, the first and second earphones play audio content stored on the mobile, digital audio player and transmitted to the headphone assembly from the mobile, digital audio player via the one or more ad hoc wireless communication links;[175] |
| and in a second operational mode, the pair of first and second earphones play audio content streamed from a remote network server.[176] | and in a second audio play mode, the earphones play audio content streamed from the remote, network-connected server.[177] |

These claims use "slightly different language to describe substantially the same invention."[178] The differences in their language do not "materially alter the question of invalidity" under § 101.[179] Each of the claims from the '025 Patent listed in the chart above were found invalid under 35 U.S.C. § 101 in the *Plantronics* Litigation.[180] The slight differences in language in the '982 Patent claims would not change the analysis under § 101, so they do not present a separate "issue of patentability" from that already decided with regard to the '025 Patent.[181]

---

[172] '982 Claim Chart 13, claim 2a.

[173] '025 Patent 32 ¶ 23.

[174] '982 Claim Chart 13–14, claim 3a.

[175] '025 Patent 29 ¶ 18.

[176] '982 Claim Chart 15, claim 3b.

[177] '025 Patent 29 ¶ 18.

[178] *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

[179] *Id.*

[180] *Koss Corp. v. Plantronics Inc.,* No. 21-CV-03854-JST, 2022 WL 19975244, at *9 (N.D. Cal. Nov. 16, 2022); *see also Koss Corp. v. Bose Corp.*, 107 F.4th 1363, 1365 (Fed. Cir. 2024), *cert. denied*, 145 S. Ct. 1438 (2025).

[181] *See Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1382 (Fed. Cir. 2022).

In sum, the language of claims 1–3 of the '982 Patent—as well as the nearly identical language in the '959 and '86,325 patents—is substantially similar to invalidated claims from the '025 Patent and does not raise a separate issue of invalidity. Claims 1–3 of the '982 Patent are representative of the other claims in that patent. Therefore, the "identical issue" requirement of the collateral estoppel test has been met with regard to claims of the additional patents.

As discussed above, the issue of patent validity in the *Plantronics* Litigation was fully and fairly adjudicated, Koss was a party, and there was a final adjudication on the merits to which the issue of patent validity was essential. Therefore, each claim of the remaining patents, the '982, '959, and '86,325 patents, is barred from being asserted here under issue preclusion because each raises the same issue of invalidity that was already decided against Koss in that litigation.

## B.    IPR Issue Preclusion

Skullcandy additionally argues that claims 1–5 and 14–18 of the '982 Patent, along with any substantially similar claims in the additional patents, are precluded by collateral estoppel because they were found unpatentable in *inter partes* review (IPR) before the PTAB.[182] In 2022, the PTAB considered a petition by Apple, Inc. requesting *inter partes* review of the validity of claims 1–5 and 14–20 of the '982 Patent on obviousness grounds.[183] The PTAB concluded that claims 1–5 and 14–18 were obvious and therefore unpatentable under 35 U.S.C. § 103, and that claims 19–20 were not shown to be obvious.[184] That decision was affirmed by the Federal Circuit in July 2024.[185] Koss concedes that it will not pursue claims whose unpatentability has been

---

[182] MTD 14–15.
[183] *Apple, Inc. v. Koss Corp.*, No. IPR2021-00381, 2022 WL 2314983, at *1 (P.T.A.B. June 27, 2022).
[184] *Id.* at *30.
[185] *Koss Corp. v. Vidal*, No. 2022-2091, 2024 WL 3594417, at *4 (Fed. Cir. July 31, 2024).

affirmed by the Federal Circuit.[186] However, Koss argues that collateral estoppel cannot apply here because this case involves a higher burden of proof than that used by the PTAB.[187]

The Federal Circuit has stated that "an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions."[188] Once the Federal Circuit has affirmed the invalidity of a patent claim, "the claim no longer exists and cannot be asserted as a basis for infringement," regardless of whether the underlying case applied a preponderance standard or a higher clear and convincing standard.[189] However, this principle is limited to the preclusion of the same claims that were found to be invalid.[190] Thus, a final written PTAB decision of unpatentability reached under a preponderance of the evidence standard prevents a patentee from asserting the invalid claims in a separate proceeding.[191] But such a decision "cannot collaterally estop a patentee from asserting other, unadjudicated patent claims in district court litigation."[192] "To hold otherwise would deprive patent owners of their property right without first requiring proof of patent invalidity that satisfies the statutorily-prescribed clear and convincing evidence standard."[193]

In this case, claims 1–5 and 14–18 of the '982 Patent have been found invalid and had their invalidity affirmed by the Federal Circuit.[194] Those claims are invalid and cannot be asserted here. However, because they were initially invalidated under a lower preponderance of

---

[186] Opp'n 21–22.
[187] *Id.* at 21.
[188] *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018).
[189] *ParkerVision, Inc. v. Qualcomm Inc*., 116 F.4th 1345, 1362 (Fed. Cir. 2024).
[190] *See Kroy IP Holdings, LLC v. Groupon, Inc*., 127 F.4th 1376, 1381 (Fed. Cir. 2025) ("XY stands for the more limited proposition that once this court affirms the Board's decision that a patent claim is unpatentable, the same claim cannot be asserted in district court.").
[191] *Id.*
[192] *Id.* at 1381.
[193] *Id.* at 1380–81.
[194] *Koss Corp. v. Vidal*, No. 2022-2091, 2024 WL 3594417, at *4 (Fed. Cir. July 31, 2024).

26

the evidence standard before the PTAB,[195] they have no preclusive effect on any other claims asserted in this action, no matter how similar.

The court also notes that Koss repeatedly emphasizes that claims 19 and 20 of the '982 Patent were not found unpatentable "even under the preponderance standard applicable at the PTAB."[196] Koss argues that the PTAB finding "confirms that the Skullcandy Infringed Patents are not directed to an abstract idea because at least claims 19 and 20 of the '982 Patent are non-obvious."[197] But the PTAB decision that Koss relies on only analyzed the '982 Patent claims for obviousness under § 103, not abstractness under § 101.[198] Patent validity "encompasses three 'separate tests of patentability': novelty, utility and nonobviousness."[199] Each of these three conditions must be satisfied to find patentability.[200] Thus, while the PTAB finding regarding claims 19 and 20 means that those claims are not precluded by collateral estoppel based on the PTAB decision, it does not save those claims from being precluded as discussed in the court's earlier *Plantronics* preclusion discussion.

## III.   Patentability Under 35 U.S.C. § 101

The parties also dispute whether each claim asserted in this litigation is valid or invalid under 35 U.S.C. § 101.[201] It is unnecessary to address these arguments because each claim is already precluded under the doctrine of collateral estoppel. The '025, '155, '934, '06,325, and '498 patents were each invalidated in their entirety in the *Plantronics* Litigation, so Koss cannot

---

[195] *See Apple, Inc. v. Koss Corp.*, No. IPR2021-00381, 2022 WL 2314983, at *1 (P.T.A.B. June 27, 2022).
[196] *See* Opp'n 2, 10–11.
[197] *Id.* at 10–11.
[198] *Id.* at 2; *Apple, Inc. v. Koss Corp.*, No. IPR2021-00381, 2022 WL 2314983, at *5 (P.T.A.B. June 27, 2022).
[199] *Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707, 714 (Fed. Cir. 1984) (quoting *United States v. Adams,* 383 U.S. 39, 48 (1966)).
[200] *See Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 12 (1966).
[201] MTD 15–21, Opp'n 5–18.

claim infringement of those patents here. And the additional '982, '959, and '86,325 patents include claim language that is substantially similar to claims that were invalidated in the '025 Patent. The minor differences do not materially alter the issue of invalidity that was adjudicated in the *Plantronics* Litigation, so the issue of their validity was also already adjudicated. Claims 1–5 and 14–18 of the '982 Patent are also barred due to their separate invalidation under § 103 in IPR proceedings before the PTAB that was affirmed by the Federal Circuit. Therefore, the issue of the validity of each claim asserted in this action has already been resolved against Koss.

## IV.    Leave to Amend

Finally, Koss argues that any dismissal should be made with leave to amend.[202] It points out that the *Plantronics* court initially granted leave to amend after dismissing the *Plantronics* First Amended Complaint as evidence that amendment would not be futile here.[203] But the court's dismissal here is based exclusively on issue preclusion, whereas the Plantronics court dismissed based on a § 101 abstractness analysis.[204] The patents asserted here have either been invalidated already or assert substantially similar claims that do not raise distinct issues of invalidity. No amendment can change the language of the asserted claims here or the outcome of the previous litigation, so it would have no effect on the court's ruling.

Koss also argues that, "given the passage of time and the development in the case law" since the inception of the case, "re-pleading to address the current state of the world is appropriate.[205] But Koss does not identify what "development in the case law" would save its claims, and it already has had the opportunity to incorporate any relevant case law into its

---

[202] Opp'n 24.
[203] *Id.* at 24–25.
[204] *Koss Corp. v. Plantronics Inc.,* No. 21-CV-03854-JST, 2022 WL 1975244, at *9 (N.D. Cal. Nov. 16, 2022).
[205] Opp'n 25.

arguments on the Motion to Dismiss. Further, as already explained, no amendment could change the fact that the patent claims Koss seeks to assert here have already been invalidated or are barred by issue preclusion.

Thus, amendment would be futile.[206] Accordingly, Koss' claims are dismissed with prejudice.

**ORDER**

Defendant's Motion to Dismiss is GRANTED. The case is DISMISSED WITH PREJUDICE.

Signed March 25, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[206] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A district court may refuse to allow amendment if it would be futile.").